■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THEODORE MILLER, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 16, 1965, which dismissed the writ and remanded him to respondent's custody. Judgment reversed, on the law and on the facts, without costs; and writ sustained to the extent that the judgment of conviction rendered by the County Court, Westchester County, on October 31, 1961 is vacated and the criminal case is remitted to said County Court for the purpose of permitting relator (as defendant) to plead *de novo* to the indictment. We previously decided in *People* v. *Miller* (25 A D 2d 450 [1966]) that relator had been deprived of a substantial right to which he was entitled, because the trial court had failed to give him the warning mandated by section 335-b of the Code of Criminal Procedure. He was denied relief at that time because *coram nobis,* the writ he was then invoking, is not the proper remedy to correct such irregularity. Habeas corpus is the correct mode of proceeding. (See *People ex rel. Manning* v. *Fay,* 16 N Y 2d 1061 [1965]; *People ex rel. Bianchi* v. *La Vallee,* 17 N Y 2d 818 [1966]; *People ex rel. Russo*

v. *Fay*, 25 A D 2d 779 [1966]; *People ex rel. Blair* v. *Fay*, 26 A D 2d 669 [1966]; *People ex rel. Carlat* v. *Fay*, 27 A D 2d 839 [1967].) Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.